**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREAT BOWERY INC. d/b/a "Trunk Archive", a Delaware corporation; ANNIE LEIBOVITZ, an individual, <br><br> Plaintiff, <br><br>      v. <br><br> THE ARENA GROUP HOLDINGS, INC., a Delaware corporation; and DOES 1-10, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR:** <br> 1.  COPYRIGHT INFRINGEMENT; <br><br> 2.  VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; <br><br> 3.  VIOLATION OF THE DMCA: 17 U.S.C. § 1202 <br><br><br> <u>**JURY TRIAL DEMANDED**</u> |

Plaintiffs, Annie Leibovitz and Great Bowery, Inc., by their attorneys Doniger / Burroughs, for her complaint against defendant The Arena Group Holdings, Inc. and Does 1-10, alleges as follows:

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.     Plaintiff Annie Leibovitz is an individual residing in New York City.

5.     Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") is a Delaware corporation with its principal place of business in New York.

6.     Plaintiffs allege on information and belief that Defendant The Arena Group Holdings, Inc. ("Arena") is a Delaware corporation doing business in New York, including through its offices at 200 Vesey Street, 24th floor, New York, New York 10281.

7.     Defendants Does 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.     Plaintiffs are informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-

ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages proximately caused thereby.

### CLAIMS RELATED TO SUBJECT PHOTOGRAPH

9.     Leibovitz is a world-renowned photographer acclaimed for capturing celebrity portraits with profound intimacy and insight, including the likes of John Lennon, Bill Clinton, Clint Eastwood, Queen Elizabeth, and many more. Leibovitz's work has been featured in *Vanity Fair* and *Rolling Stone* as well as the National Portrait Gallery.

10.    Trunk Archive is a full-service photography licensing and syndication agency who represents some of the most prominent photographers in the world, including Leibovitz.

11.    Trunk Archive is the exclusive licensee with the right to display, distribute, or otherwise authorization the use of certain works of the photographers they represent, including the works at issue here.

12.    Leibovitz created and owns the original photograph of Adam Driver as he appeared in *Star Wars* depicted below ("Subject Photograph"):

///

///

///

///

///

///

///

///

///

///

| SUBJECT PHOTOGRAPH |
|---|
|  |

13.    Leibovitz is the owner of the copyright in the Subject Photograph and registered the copyrights for same with the United States Copyright Office prior to the acts complained of herein. Leibovits provided Trunk Archive an exclusive license for certain rights in the Subject Photograph as set forth above.

14.    Prior to the acts complained of herein, Plaintiffs widely publicly displayed and disseminated the Subject Photograph, including through Trunk Archive's offering same for license.

15.    Leibovitz and Trunk Archive routinely includes identifying copyright management information with the Subject Photograph, including metadata.

16.    Plaintiffs are informed and believe and thereon allege that following their publication and display of the Subject Photograph, Arena reproduced, publicly displayed and distributed the Subject Photograph, including without limitation on the commercial websites owned and operated by Arena, true and correct exemplars of which are depicted below:

**INFRINGING USES**



17.  These exemplars are not meant to encompass all Infringing Uses; the claims made herein are as to any image displayed, published, licensed, distributed and/or sold by Defendants, and/or each of them, that incorporate without permission, in whole or in part, the Subject Photograph.

18.  On information and belief, Plaintiffs alleges that Arena created unlawful derivatives of the Subject Photograph including by editing, cropping, and pasting new elements onto the Subject Photograph before exploiting same as depicted above.

19.  A comparison of the Subject Photograph with the corresponding images of the Infringing Uses reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

20.   On information and belief, Plaintiffs allege that Defendants, and each of them, were involved in creating and/or developing the Infringing Uses, and/or supplying, marketing distributing, selling, and otherwise providing the Infringing Uses to third parties, including without limitation, the public.

21.   On information and belief, Plaintiffs further allege that Defendants intentionally added attribution information falsely indicating third-parties or the author of the Infringing Uses as the author or copyright owner of the Subject Photograph.

22.   Plaintiffs at no time authorized Defendants, or any of them, to use the Subject Photograph as complained of herein, and at no time did Arena seek a license or authorization to use the Subject Photograph.

23.   On September 18, 2024, Plaintiffs sent a letter to Arena notifying them that their unauthorized exploitation of the Subject Photograph infringed upon their copyrights, and demanding they cease and desist in same.

24.   Despite this, the Infringing Use identified above continued and remain live on Defendant's webpages as of filing.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement - Against All Defendants, and Each)

25.   Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26.   Plaintiffs allege on information and belief that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph on Plaintiffs' websites or social media profiles, on other sites online, or in Plaintiffs numerous online profiles. Access is further evidenced by the Subject Photograph's exact or near-exact reproduction in the Infringing Uses.

27.   Defendants, and each of them, infringed Plaintiffs' copyrights by copying, publishing, and displaying the Subject Photograph to the public, including without limitation, the websites set forth above, without Plaintiffs' authorization or consent.

28.    Due to Defendants', and each of their, acts of infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

29.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photograph. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph in an amount to be established at trial.

30.    Plaintiffs are informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

### (Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

31.    Plaintiffs reallege and incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

32.    Plaintiffs are informed and believe and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged herein. Such conduct included, without limitation, publishing the Subject Photograph obtained from third parties that Defendants knew, or should have known, were not authorized to publish the Subject Photograph.

33.    Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the

infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the aforementioned website listings that incorporated the unauthorized copies of the Subject Photograph, and were able to supervise the publication of said posts.

34.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiffs have suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

35.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photograph. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photograph, in an amount to be established at trial.

36.    Plaintiffs are informed and believe and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

### THIRD CLAIM FOR RELIEF

### (Violation of 17 U.S.C. 1202 - Against All Defendants, and Each)

37.    Plaintiffs reallege and incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

38.    The Subject Photograph were routinely published with attribution, credit, and other copyright management information identifying Leibovitz as the author.

39.    Plaintiffs allege on information and belief that Defendants, and each of them, removed Leibovitz's copyright management information, as described above, from the Subject

Photograph, and/or added false copyright management information to the Subject Photograph, including the inclusion of the name "Leon Lazaroff" directly onto the Subject Photograph, before distributing and publishing same.

40.   Plaintiffs allege on information and belief that Defendants, and each of them, distributed and published the Subject Photograph via Arena's webpages and profiles online, under the names of other including "Leon Lazaroff", falsely indicating to the public that Arean or its employees own or otherwise have rights in or to the Subject Photograph.

41.   The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

42.   When Defendants published the Subject Photograph, they knowingly provided and/or distributed false CMI in violation of 17 U.S.C. § 1202(a), and did so in order to induce, enable, facilitate, or conceal infringement.

43.   When Defendants published the Subject Photograph, they removed Leibovitz's copyright management information from the Subject Photograph knowing or having reason to know that such removal would induce, enable, facilitate, or conceal and infringement in violation of 17 U.S.C. § 1202(b), as set forth above.

44.   As a result of the foregoing, Plaintiffs have been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a.     That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiffs' copyrights in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to

remove the Subject Photograph from their respective websites, catalogs, marketing and advertisement materials.

      b.     That Plaintiffs be awarded all profits of Defendants, and each of them, plus all losses of Plaintiffs, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

      c.     That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiffs' intellectual property rights;

      d.     That Plaintiffs be awarded their attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*;

      e.     That Plaintiffs be awarded their costs and fees under the statutes set forth above;

      f.     That Plaintiffs be awarded statutory damages and/or penalties under the statues set forth above;

      g.     That Plaintiffs be awarded pre-judgment interest as allowed by law;

      h.     That Plaintiffs be awarded the costs of this action; and

      i.     That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

      Plaintiffs demand a trial by jury in this action of all issues so triable.

Dated:     August 11, 2025              Respectfully submitted,
            New York, New York

                                   DONIGER / BURROUGHS

                     By: */s/ David M.S. Jenkins*
                          David M.S. Jenkins, Esq.
                          Scott Alan Burroughs, Esq.
                          247 Water Street, First Floor

New York, New York 10038
(310) 590-1820
djenkins@donigerlawfirm.com
scott@donigerlawfirm.com
*Attorneys for Plaintiffs*